## J. J. BYRNE *v.* GOO WAN HOY.

ERROR TO CIRCUIT COURT, FIRST CIRCUIT.

SUBMITTED APRIL 30, 1913.                    DECIDED MAY 5, 1913.

ROBERTSON, C.J., PERRY AND DE BOLT, JJ.

CONTRACTS—*implied promise to pay—services rendered.*

> When a person performs services for another on request or
> when one performs services for another, who accepts the same,
> the services not being performed under such circumstances as to
> show that they were intended to be gratuitous, a promise to pay
> for the services is implied by law.

### OPINION OF THE COURT BY PERRY, J.

This is an action of assumpsit for $32 for professional ser-
vices rendered by plaintiff's assignor, a physician and surgeon,
to the defendant at the latter's request. The trial court, sitting
without a jury, found for the plaintiff and judgment was en-
tered accordingly. The only assignment of error relied upon
is that the decision and the judgment are unsupported by
evidence.

The plaintiff in error, defendant in the action, obtained from
the physician treatment for injuries received in an accident.
The main issue of fact in the trial court was whether, in the
admitted absence of an express contract, the circumstances
under which the services were rendered were such as to create
an obligation on defendant's part to pay for them or, in other
words, to give rise to the legal implication that he promised to
pay. Upon this point both the physician and the defendant
gave testimony, the defendant's claim being that the obligation
to pay devolved upon an accident insurance company which had
issued a policy to him. The evidence was conflicting and the
trial court in ordering judgment for the plaintiff declared that
it did so "believing and giving more credence to the evidence
of the plaintiff than to the evidence of the defendant." The

physician's testimony was sufficient to support the finding of an implied promise. He testified that the defendant called at his office on thirteen days for treatment and received it, that no discussion was ever had between them as to who would pay for the services, that, while he, the doctor, was employed by the insurance company to make examinations of injured persons and to report to the company the extent of the injuries, it was not a part of his duty as representative of the company to treat the claimant's injuries and that he did not inform the defendant that the company would pay for his treatment. These, it must be presumed, were the facts as found by the court. The ordinary principle applies, that when a person performs services for another on request or when one performs services for another, who accepts the same, the services not being performed under such circumstances as to show that they were intended to be gratuitous, a promise to pay for the services is implied by law.

The judgment is affirmed.

*J. Lightfoot* for plaintiff in error.

*Thompson, Wilder, Watson & Lymer* for defendant in error.